UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00167-FDW-DCK

| | |
|---|---|
| DAVID A. JOHNSON AND ALDA, INC., | ) |
| Plaintiffs, | ) |
| v. | ) **ORDER** |
| ITALIAN SHOEMAKERS, INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim, (Doc. No. 19), and Motion for a Hearing on that motion, (Doc. No. 21). These matters have been fully briefed, (Doc. Nos. 20, 22, 23), and are ripe for ruling. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART, and the Motion for Hearing is DENIED.

Plaintiffs filed this action asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, and fraudulent inducement. (Doc. No. 1). These claims arise out of the parties' conduct in prior litigation, and the causes of action allege wrongdoing in relation to the protective order entered in that prior case, as well as the Settlement Agreement resolving the claims in the prior case. See Johnson, et al. v Italian Shoemakers, Inc., 3:17-cv-740 (W.D.N.C.). Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

---

[1] Plaintiffs argue the instant motion should be construed pursuant to Rule 12(c), as opposed to Rule 12(b)(6), because it was filed after the Answer. Defendant filed the Answer on the same day and nearly the same time as the Motion to Dismiss (3:15 p.m. and 3:34 p.m., respectively). While the better practice would be to file the Motion to Dismiss first and then the Answer, the nearly simultaneous filing does not change the standard of review in this instance and under this record.

1

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. (internal citation and quotation marks omitted).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" Fitzgerald Fruit Farms LLC v. Aseptia, Inc., 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011)). The Court, for the purposes of a Rule 12(b)(6) motion, takes all factual allegations as true. See Ashcroft, 556 U.S. at 678. However, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citation omitted).

As an initial matter, the Court GRANTS the motion to dismiss Plaintiffs' claims to the extent they assert a breach of the protective orders entered in the prior case involving these parties. In so ruling, the Court incorporates its prior order denying Plaintiffs' motion to reopen the prior litigation to pursue claims arising out of that protective order. Johnson, 3:17-cv-740, (Doc. No. 95). Plaintiffs' claims related to the protective order are not facially plausible, particularly where

2

Plaintiffs voluntarily dismissed the prior action governed by the protective order and failed to timely assert their claims in that case. Dismissal of the breach of contract, breach of implied covenant and fair dealing, and fraudulent inducement claims—to the extent they rely on alleged misconduct associated with the protective order in the prior litigation—is appropriate.

After reviewing the Complaint and applicable law, the Court also GRANTS the motion to dismiss the fraudulent inducement claim as it pertains to the Settlement Agreement. In short, Plaintiffs' complaint fails to satisfy Rules 9(b), 9(f), and 12(b)(6) of the Federal Rules of Civil Procedure. Under North Carolina law, a successful fraudulent inducement claim requires a plaintiff prove: "(1) representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Value Health Sols., Inc. v. Pharm. Rsch. Assocs., Inc., 891 S.E.2d 100, 112 (N.C. 2023) (quotation omitted). Plaintiffs' allegations generally contend that during settlement discussions and as part of execution of the Settlement Agreement, Defendant concealed the material fact that it had informed a third party of potential claims that party might have against Plaintiffs. Here, Plaintiffs' complaint fails to satisfy Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs do not attribute any specific misrepresentation to Defendant, and Plaintiffs do not provide the date and location of the misrepresentations. Instead, Plaintiffs generally assert broad categories of misrepresentations made by undisclosed individuals at unknown times "beginning in June 2018 and continuing thereafter." (Doc. No. 1, p. 16.) This is insufficient for failure to state a claim under applicable North Carolina law and under Rule 9 of the Federal Rules of Civil Procedure. See, e.g., Value Health Sols. Inc. v. Pharm. Rsch. Assocs., Inc., No. 18-CV-12318, 2020 WL 2616400, at *7 (N.C. Super. May 22, 2020) (dismissing fraudulent inducement claim pursuant to North Carolina law), aff'd, 891 S.E.2d 100 (N.C. 2023); ACA Fin. Guar. Corp.

v. City of Buena Vista, Virginia, 917 F.3d 206, 217 (4th Cir. 2019) (affirming dismissal of fraudulent inducement claim pursuant to Rule 12(b)(6)).

Turning to the remaining claims, the Court summarily DENIES the motion to dismiss Plaintiffs' claims to the extent the claims for breach of contract and breach of implied covenant and fair dealing arise out of the Settlement Agreement. This ruling is without prejudice to Defendant's ability to reassert their arguments at summary judgment with a fully developed record, particularly those arguments related to the mutual release and statute of limitations. See Chi v. N. Riverfront Marina & Hotel LLLP, No. 21 CVS 4611, 2023 WL 4843042, at *8 (N.C. Super. July 27, 2023) (recognizing it is ordinarily a question of fact to determine when the three-year statute of limitations begins to run for breach of contract claims because the right to sue arises when the plaintiff knew or should have known of the alleged breach (citations omitted)).

Finally, the Court will not permit Plaintiffs to attempt to reargue or reassert any claims from its prior litigation. This case concerns whether Defendant breached the Settlement Agreement or the related claim for breach of implied covenant and fair dealing and nothing more.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 19), is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that Defendant's Motion for Hearing, (Doc. No. 21), is DENIED.

**IT IS SO ORDERED.**

Signed: January 16, 2024

_____
Frank D. Whitney
United States District Judge