IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION FILE NO. 3:23-CV-00167-FDW-DCK

| | |
|---|---|
| DAVID A. JOHNSON and ALDA, INC.<br>Plaintiffs,<br><br>v.<br><br>ITALIAN SHOEMAKERS INC.,<br>Defendant. | **PLAINTIFFS'<br>RESPONSE TO DEFENDANT'S TRIAL<br>BRIEF** |

Now come Plaintiffs, David A. Johnson ("Johnson") and Alda, Inc. ("Alda"), and, pursuant to Paragraph 4(d) of this Court's Scheduling Order (Dkt. #16), submit to the Court the following Response to Defendant's Trial Brief.

### I. ISI's Conduct in Disparaging Plaintiffs is a Breach of the Non-Disparagement Provision.

ISI makes the strained argument that the Non-Disparagement provision in the Settlement Agreement simply requires ISI to "instruct" its "officers, employees, managers and sales representatives" to refrain from disparaging Plaintiffs, but does not actually prohibit ISI from disparaging Plaintiffs through such representatives, including Romanelli and Thornton. ISI's purported interpretation of the provision is self-evidently absurd, and contrary to the explicit purpose of the non-disparagement provision.

The first clause of the provision, which is explicitly titled "**Non-Disparagement**," states, "The Parties acknowledge and agree that Plaintiffs ... have a significant interest in protecting their reputation and public trust, maintaining good public relations with their customers, prospective customers, vendors and others in their market areas, and maintaining good relationships with their current and prospective employees or sales representatives; and that it is in Plaintiffs' and Defendant's mutual best interests to characterize their relationship in a positive light." Under ISI's reading of the provision, ISI and its representatives may disparage Plaintiffs at will as long as ISI has given hypocritical "instructions" not to do so. However, under that reading, the provision is in

1

no meaningful way a "non-disparagement" clause, as it doesn't actually prohibit disparagement, and in no way furthers the parties' intent to "protect their reputation," "maintain good relationships" with vendors, employees and others, or to "characterize their relationship in a positive light."

> The very heart of contract law is that a contract should be construed, wherever possible, so as to give effect to the intent of the parties. *Adder v. Holman & Moody, Inc.*, 288 N.C. 484, 219 S.E. 2d 190 (1975). In ascertaining the parties' intent, courts may consider the language, subject matter and purpose of the contract, as well as the situation of the parties at the time, and may even read into a contract such implied provisions as may be necessary to effect the parties' intent. *Lane v. Scarborough*, 284 N.C. 407, 200 S.E. 2d 622 (1973).

*Fed. Realty Inv. Tr. v. Belk-Tyler of Elizabeth City, Inc.*, 56 N.C. App. 363, 367, 289 S.E.2d 145, 148 (1982).

Additionally, ISI's interpretation would render the provision nonsensical and meaningless. "A corporation can only act through its agents" *Certain-teed Products Corporation v. Wallinger*, 89 F.2d 427, 436 (4th Cir. 1937). A requirement that a corporation "instruct" its agents to behave in a certain manner is, by necessity, a requirement that the corporation itself behave in that manner.

Finally, even if giving a hypocritical and unenforceable "instruction" were ISI's only obligation, no evidence has been produced in these proceedings that ISI did, in fact, give any such "instruction" to either Romanelli or Thornton, even after ISI was aware that Thornton intended to file a baseless lawsuit against Plaintiffs.

I. **Thornton's Deposition Testimony and Pleadings from the Thornton Suit are Admissible.**

ISI cites *Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 126 (4th Cir. 1995) and *Barkley v. 4520 Corp., Inc.*, 1:20-CV-00220-MR, 2022 WL 272187, at *5 (W.D.N.C. Jan. 26, 2022) for the proposition that Thornton's testimony and pleadings from the Thornton Suit are inadmissible as hearsay. Both *Supermarket of Marlinton* and *Barkley* are distinguishable, as both cases involved an attempt to directly introduce hearsay testimony under the hearsay exceptions in Fed. R. Evid. 804(b), *not* use of the testimony for impeachment purposes under Fed. R. Evid. 613, or introduction of *non-hearsay* prior inconsistent statements under oath pursuant to Fed. R. Evid. Rule

2

801(d)(1)(A). Because Plaintiffs do not seek to introduce Thornton's prior testimony and pleadings under Rule 804(b), *Supermarket of Marlinton* and *Barkley* are irrelevant to these proceedings.

This the 4th day of July, 2024.

*/s/ William L. Sitton, Jr.*
William L. Sitton, Jr.
NC State Bar No. 8508
Attorney for Plaintiffs David A. Johnson and Alda, Inc.

**LAW OFFICE OF WILLIAM L. SITTON, JR.**
2300 East Seventh Street
Suite 100
Charlotte, NC 28204
704.333.7800 x 126
wsitton@wsittonlaw.com

## CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase and Bloomberg.

I further certify that every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ William L. Sitton, Jr.*
William L. Sitton, Jr.
NC State Bar No. 8508
Attorney for Plaintiffs
David A. Johnson and Alda, Inc.