# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:23-CV-00167-FDW-DCK

| | |
|---|---|
| **DAVID A. JOHNSON AND ALDA, INC.,** ) | |
| ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **ORDER** |
| ) | |
| **ITALIAN SHOEMAKERS, INC.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Sanctions, (Doc. No. 60), and Motion for Attorney Fees, (Doc. No. 61). These matters have been fully briefed, (Doc. Nos. 62, 63, 64, 65), and are ripe for ruling. For the reasons set forth below, Defendant's Motions are DENIED.

## I. BACKGROUND

The background of this case and the relationship between the parties is set forth in this Court's findings of fact and conclusions of law, (Doc. No. 59), which the Court issued after the bench trial in this case. In summary, in 2017 David Johnson and Alda, Inc., (collectively, "Plaintiffs"), sued Defendant Italian Shoemakers for unpaid commissions, and the parties settled that dispute in 2019 by executing a Confidential Settlement and Release Agreement, (the "Settlement Agreement"). (Id., p. 2.) The Settlement Agreement included a release of claims, a Confidentiality provision, and a Non-Disparagement provision. (Id., pp. 2–4.) In 2020, Eve Thornton—a former employee of Plaintiff Alda, Inc.—sued Plaintiffs to recover unpaid commissions. (Id., p. 4.) That lawsuit prompted Plaintiffs to file this action, which alleged

1

Defendants breached the Settlement Agreement when they advised Thornton that Plaintiffs stole

from her by keeping commissions that were owed to her. (Id.) The Court granted in part and denied

in part both Defendant's motion to dismiss and Defendant's motion for summary judgment. (Doc.

Nos. 34, 43.) In ruling on Defendant's motion for summary judgment, the Court concluded any

evidence of breach Plaintiffs relied upon to support their claims must have occurred after January

7, 2019, when the parties executed the Settlement Agreement. (Doc. No. 43, p. 7.) Two of

Plaintiffs' claims proceeded to a bench trial before the undersigned on July 9, 2024. After hearing

Plaintiffs' case in chief, the Court dismissed Plaintiffs' claim alleging breach of the Confidentiality

provision of the Settlement Agreement as a matter of law. (Doc. No. 59, p. 7.) At the close of

Defendant's case-in-chief, the Court concluded Plaintiffs also failed to prove breach of the Non-

Disparagement provision of the Settlement Agreement by a preponderance of the evidence and

found for Defendant. (Id., p. 9.)

On August 12, 2024, Defendant moved for sanctions against Plaintiffs and their counsel,

William Sitton, and for attorneys' fees. (Doc. Nos. 60, 61.) Plaintiffs filed briefs in response, (Doc.

Nos. 62, 63), and Defendant filed replies, (Doc. Nos. 64, 65). This matter is now ripe for ruling.

The Court, being well-acquainted with the record in this case after presiding over the bench trial,

concludes Rule 11 sanctions against Plaintiffs and their counsel are inappropriate. Because the

only statutory basis Defendant raises to support its argument for attorneys' fees is Rule 11, it

follows that the Court must also deny that Motion.

## II. DISCUSSION

Rule 11 of the Federal Rules of Civil Procedure states, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by
> signing, filing, submitting, or later advocating it—an attorney or unrepresented
> party certifies that to the best of the person's knowledge, information, and belief,
> formed after an inquiry reasonable under the circumstances: (1) it is not being

presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

## A.  Sanctions

Defendant asserts two bases for sanctions against Plaintiffs and their counsel: (1) that they knew or should have known the claims in this action lacked a basis in fact or law; and (2) that Plaintiffs filed this lawsuit to harass and extort Defendant into another settlement, an improper purpose. (Doc. No. 60, p. 2.)

Rule 11 requires an attorney to conduct a reasonable investigation of the factual and legal basis for a plaintiff's claims before filing. See Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 987 (4th Cir. 1987). This reasonableness requirement means "the prefiling factual investigation must uncover some information to support" the allegations. Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991). "A complaint containing allegations unsupported by any information obtained prior to filing violates the required prefiling factual investigation." Id. (citing In re Kuntsler, 914 F.2d 505, 516 (4th Cir. 1990)). In sum, there must be some factual and legal basis for a plaintiff's claims.

Further, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Such a sanction may include "nonmonetary directives; an order to pay a penalty into court; or, if

imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Defendant has provided the Court with evidence of its compliance with the so-called safe harbor provision of Rule 11. (Doc. No. 60-3.) Therefore, the Court proceeds to the merits of the Motion.

The undersigned is familiar with the record in this case. (See Doc. Nos. 34, 43, 59.) Although the Court ruled in Defendant's favor on all claims after presiding over a bench trial, at no point did it view Plaintiff's legal arguments as frivolous. Cf. Brubaker, 943 F.2d at 1370 (explaining the district judge imposed sanctions after warning plaintiffs he would consider them). The Court allowed Plaintiffs' claim that Defendant breached the Non-Disparagement provision of the Settlement Agreement to proceed over Defendant's motion for a directed verdict. Defendant's motion for sanctions cites its own summary judgment briefing, arguments the Court has already considered and rejected in part. Those arguments were not, in the Court's view, changed substantially by the testimony at trial. Instead, the Court was able to weigh the evidence and evaluate the credibility of witnesses—specifically Thornton—to resolve the dispute. (Doc. No. 43, p. 5.) To be sure, that process resulted in a defense verdict. But Defendant does not cite a single case in which a district court determined Rule 11 sanctions were warranted based on a lack of factual or legal basis after the matter proceeded past a directed verdict. Cf. Brubaker, 943 F.2d at 1369 (affirming in part and reversing in part the district court's sanctions award and noting the district court dismissed plaintiff's remaining Section 1983 claims on a directed verdict). Without authority to the contrary, the Court will not impose sanctions under these circumstances.

The Court concludes Defendant's argument as to claims the Court dismissed at the Rule 12 and summary judgment stage are similarly unsuccessful. See La Salle Nat'l Bank of Chicago

4

v. County of DuPage, 10 F.3d 1333, 1338 (7th Cir. 1993) ("Because Rule 11 'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories,' an attorney need not advance a winning argument to avoid Rule 11 sanctions.") (quoting Brubaker, 943 F.2d at 1378 (citing Rule 11 advisory committee's note to 1983 amendment)).

Defendant further argues Plaintiffs filed this lawsuit with the improper purpose of harassing Defendant and extorting them into another settlement. (Doc. No. 60, p. 2.) In support of this argument, Defendant points only to Plaintiff's alleged failure to engage diligently in discovery. (Doc. No. 60-1, pp. 8–9) In Sanders v. Tyco Electronics Corp., another court in this District considered the argument that a lawsuit was filed to harass the defendant and extort a settlement. 235 F.R.D. 315 (W.D.N.C. Apr. 12, 2006). There, the Court granted the defendant's Rule 11 motion where the plaintiff's former counsel moved for leave to withdraw because he believed the plaintiff's motive was to harass the defendant. Id. at 322. Here, the Court will not infer an improper purpose merely from lack of diligence in the discovery process. For these reasons, the Court concludes Rule 11 sanctions against Plaintiffs and their counsel are inappropriate.

**B.      Fees**

North Carolina follows the general common law principle that civil litigants bear the cost of their own attorneys' fees. Therefore, attorneys' fees may not be awarded without statutory authority. Stillwell Enters., Inc. v. Interstate Equip. Co., 266 S.E.2d 812, 814–15 (N.C. 1980). Defendant asserts Rule 11 of the Federal Rules of Civil Procedure supports an award of attorneys' fees in this matter, citing no other statutory authority. (Doc. No. 61-1, p. 5.) Because the Court has concluded Plaintiffs and their counsel did not violate Rule 11, there is no basis for an award of fees and Defendant's motion must be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sanctions, (Doc. No. 60), is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Attorney Fees, (Doc. No. 61), is DENIED.

**IT IS SO ORDERED.**

Signed: October 8, 2024

Frank D. Whitney
United States District Judge